## Yardley & Co., Ltd. v. United States

**No. 5106.**—Invoices dated London, England, September 2, 1937, etc.
Certified September 3, 1937, etc.
Entered at New York September 14, 1937, etc.
Entry No. 737303, etc.

(Decided January 24, 1941)

*Brooks & Brooks* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the Court, that the items of merchandise marked with the letter "A" and initialed *W R S* by Examiner *W. R. Shapiro* on the invoices covered by the reappraisements enumerated in the Schedule attached hereto, consist of bottles and jars similar in all material respects to the merchandise the subject of *United States vs. Guerlain Inc.* decided in C. A. D. 146.

It is further stipulated and agreed that the said items so marked on the invoices were appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to the items marked "A" on the invoices covered by the reappraisements enumerated in said Schedule hereto attached, is the same as the issue involved in the case of *United States vs. Guerlain, Inc.* supra.

It is further stipulated and agreed that the appraised value of the items marked as aforesaid on the invoices, less any additions made by the importer to meet advances by the Appraiser, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisements enumerated in said Schedule are hereby abandoned as to all items not marked on the invoices as aforesaid.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that the values of the items marked "A" on the invoices and initialed WRS by examiner W. R. Shapiro, are the appraised values, less any additions made by the importer to meet advances by the appraiser. As to all items not marked on the invoices as aforesaid the appeals, having been abandoned, are hereby dismissed. Judgment will be rendered accordingly.